## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**RALPH STRUMOLO and DONNA STRUMOLO,**

Civ. No. 13-1932 (KM) (MAH)

**Plaintiffs,**

**v.**

**STEELCASE, INC., et al.,**

**OPINION and ORDER (Reconsideration)**

**Defendants.**

### MCNULTY, U.S.D.J.:

This is a products liability action based on injuries received in an accident involving an office chair. Now before the Court is a motion (ECF no. 140) by defendant SUSPA, Inc., for reconsideration of the portion of my Opinion and Order, filed on August 26, 2016, that was adverse to SUSPA. (ECF nos. 137, 138). Plaintiffs have opposed SUSPA's motion and cross-moved for reconsideration of a portion of my Opinion and Order that was adverse to the plaintiffs. (ECF no. 142) Steelcase has filed an opposition to the plaintiffs' motion. (ECF no. 144) SUSPA has joined in Steelcase's opposition, and filed its own opposition and reply brief. (ECF no. 145) The matter is thus fully briefed and ripe for decision. For the reasons stated herein, both motions for reconsideration are DENIED.

### I. These Motions and the Applicable Standard

Familiarity with my prior rulings, reflected in the Opinion and Order (ECF nos. 137, 138), is assumed. That prior Opinion had three essential components:

(a) It denied the plaintiffs' motion for summary judgment of liability on their design defect and failure-to-warn claims;

(b) It granted the motions of defendants SUSPA and Steelcase, Inc. for summary judgment dismissing the plaintiffs' design defect claim; and

(c) It denied the motions of SUSPA and Steelcase for summary judgment on the plaintiffs' failure-to-warn claim.

The upshot is that there are genuine, material issues of fact to be tried as to the plaintiffs' failure-to-warn claim.

To SUSPA, the wisdom of rulings (a) and (b) was immediately apparent. It moves, however, for reconsideration of ruling (c) and entry of judgment in SUSPA's favor on the failure-to-warn claim. The plaintiffs, although thoroughly persuaded by ruling (c), move for partial reconsideration of ruling (a) and entry of judgment in plaintiffs' favor on the failure-to-warn claim.

I will not review the standards governing summary judgment, which are stated in my prior opinion. The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson,* 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard,* 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.,* 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.,* 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.,* 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

## II.   Discussion

### A.   SUSPA's Reconsideration Motion

SUSPA's reconsideration motion is admirably focused. The Court, says SUSPA, overlooked two things:

> (a) a concession by plaintiffs' liability expert, Gary Jackson, that he had no opinion as to a failure-to-warn claim against SUSPA; and

> (b) SUSPA's citation of authorities for the proposition that plaintiffs cannot sustain such a claim without an expert opinion supporting each element.

(SUSPA Mot. at 1–2; SUSPA Reply at 2)

Specifically, SUSPA refers to the deposition of Gary Jackson. ("Jackson Dep.", ECF no. 107-5) At page 103:6–25, Jackson testified that a warning might consist of a hang tag affixed to the underside of the chair. Jackson then testified that the party to affix such a warning "would have been Steelcase," as manufacturer of the chair. (*Id.* 108:9) After further describing the location of the hang tag, Jackson stated the following:

> Q.   So, can we agree that your warning opinion has no application to SUSPA?
>
> A.   That's correct.

(*Id.* 109:10–12)

SUSPA is the manufacturer of the pneumatic cylinder, a component of the chair that is blamed for the accident. Steelcase is the manufacturer of the chair.[1] Looked at from one point of view, SUSPA's argument is that any duty to warn belonged to Steelcase, and that I impermissibly lumped these two defendants together.

As pointed out in my prior opinion, in a failure-to-warn claim, "the duty to warn is premised on the notion that a product is defective absent an adequate warning for foreseeable users that 'the product can potentially cause

---

[1]    This was a workplace injury. Thus Mr. Strumolo also sues his employers, Dish Network Service Corp., Dish Network L.L.C., Dish Network Service L.L.C., and Echostar Corp. (together, "Dish Network"), who owned the chair and supplied it to their employees.

injury.'" *Clark v. Safety–Kleen Corp.*, 845 A.2d 587, 598 (N.J. 2004) (quoting *Coffman v. Keene Corp.*, 628 A.2d 710, 716 (N.J. 1993)). The plaintiff must establish (1) a duty to warn, (2) breach of that duty, and (3) that the absence of a warning was the proximate cause of the accident. *See Mendez v. Shah*, 28 F. Supp. 3d 282, 299 (D.N.J. 2014) (citing *James v. Bessemer Processing Co.*, 714 A.2d 898, 907 (N.J. 1998) and *Coffman*, 628 A.2d at 716). The manufacturer may protect itself against a failure to warn claim by selling the product with an adequate warning or, in some cases, by providing one later on:

> [A] manufacturer or seller shall not be liable for harm caused by a failure to warn if the product contains an adequate warning or instruction or, in the case of dangers a manufacturer or seller discovers or reasonably should discover after the product leaves its control, if the manufacturer or seller provides an adequate warning or instruction.

N.J. Stat. Ann. § 2A:58C–4.

Jackson opined that the only possible cause of the chair's failure was a failure of the piston O-ring. (Jackson Report p. 3) I found that plaintiff had produced evidence that a duty to warn arose from prior customer complaints and the resulting joint study conducted by SUSPA, "in conjunction with Steelcase." (ECF no. 110-10, Deposition of James Vander Zanden, ("Vander Zanden Dep. Tr.") 34:10-15) The problem arose, not from a single component, but from the interaction between SUSPA's pneumatic cylinder and the bearing in the base of the chair. As a result, there was "a joint decision by Steelcase and SUSPA" that Steelcase would address the ball bearing system, which was causing O-ring wear. (*Id.* 35:24–36:18) As a result there was an "engineering change decided upon by Steelcase and SUSPA jointly" in the fall of 1997, which was implemented only as to newly manufactured chairs, not old ones. (*Id.* 37:1–21) Vander Zanden sat in on meetings between Steelcase and SUSPA at which the engineering solutions were discussed, but there was no discussion of "the subject matter concerning warnings or caution labels to be placed on a cylinder." (*Id.* 39:4–8) Thus there was evidence *both* Steelcase and SUSPA knew of the piston O-ring wear and indeed were attempting to address the problem

jointly going forward, but never discussed warning the purchasers of existing chairs or recalling chairs already sold. A jury need not—but it could—conclude that both defendants knew or could have foreseen that consumers would be injured when the chair wore out, but did not take steps, alone or jointly, to warn them.

The case law cited by SUSPA is not to the contrary. *See* ECF no. 107-7, SUSPA Br. 5–6; *Ebendoech v. Koppers Industries, Inc.,* 239 F. Supp. 2d 455 (D.N.J. 2002). Those cases generally stand for the proposition that expert testimony is necessary in products liability cases to assist the jury in understanding technical issues that are not a matter of common knowledge. They have particular application to design defect cases. Here, the expert testified that a warning was necessary. His opinion as to the legal issue of whether that duty extended to SUSPA is not controlling. Jackson's opinion testimony, combined with factual testimony that SUSPA acted together with Steelcase, and that SUSPA knew of a foreseeable danger and took no steps to warn customers or have Steelcase do so, is sufficient to create an issue of fact.

SUSPA's motion for reconsideration is therefore denied.

## B.    Plaintiffs' cross-motion for reconsideration

Plaintiffs cross-move for reconsideration of the Court's prior Opinion and Order and request entry of judgment in their favor on the failure-to-warn claim.

To say that defendants' summary judgment motion was properly denied, of course, does not imply that the plaintiffs' mirror-image motion should have been granted. When the parties file cross-motions for summary judgment, the governing standard "does not change." *Clevenger v. First Option Health Plan of N.J.,* 208 F. Supp. 2d 463, 468-69 (D.N.J. 2002) (citing *Weissman v. U.S.P.S.,* 19 F. Supp. 2d 254 (D.N.J.1998)). The court must consider the motions independently. *Goldwell of N.J., Inc. v. KPSS, Inc.,* 622 F. Supp. 2d 168, 184 (D.N.J. 2009); *Williams v. Philadelphia Housing Auth.,* 834 F. Supp. 794, 797 (E.D. Pa. 1993), *aff'd,* 27 F.3d 560 (3d Cir.1994). For each motion, "the court construes facts and draws inferences in favor of the party against whom the

motion under consideration is made" but does not "weigh the evidence or make credibility determinations" because "these tasks are left for the fact-finder." *Pichler v. UNITE*, 542 F.3d 380, 386 (3d Cir. 2008) (internal quotation and citations omitted). In other words, an issue of fact may be just that—a two-sided *issue,* requiring trial.

The plaintiffs have not pointed to anything overlooked, or to facts or legal issues that were not or could not have been addressed in the prior motion. For that reason alone, I deny their motion for reconsideration.

At any rate, the defendants have produced evidence sufficient to create a triable issue as to the failure-to-warn claim. Their evidence is not so one-sided that I can rule as a matter of law, without resolving issues of fact committed to the jury, that plaintiffs are entitled to prevail on the issue of a duty to warn. In addition, as stated in my prior opinion, defendants' evidence raised an issue as to proximate cause, despite the heeding presumption. All of the issues are interrelated, and I will not slice and dice them as plaintiffs suggest.

### ORDER

Accordingly, for the reasons stated in the foregoing opinion,

IT IS this 30th day of March, 2016,

ORDERED that SUSPA's motion for reconsideration (ECF no. 140) and the plaintiffs' cross-motion for reconsideration (ECF no. 142) are both DENIED.

HON. KEVIN MCNULTY, U.S.D.J.